IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: COLOPLAST CORP.,
PELVIC SUPPORT SYSTEMS
PRODUCTS LIABILITY LITIGATION  MDL No. 2387

---

THIS DOCUMENT RELATES TO:

*Tammy L. Daniels, et al. v. Mentor Worldwide LLC, et al.*
Civil Action No. 2:13-cv-22492

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Dismiss [ECF No. 23] filed by Coloplast Corp. ("Coloplast"). The plaintiffs have responded [ECF No. 24], and the defendant has replied [ECF No. 25]. Thus, this matter is ripe for my review. For the reasons stated below, the motion is **GRANTED.**

Defendant's Motion arises from this court's Order [ECF No. 22], entered on October 19, 2017, denying defendant's first Motion to Dismiss for failure to serve a Plaintiff Fact Sheet ("PFS") [ECF No. 17] in compliance with Pretrial Order ("PTO") # 124. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–7 (applying the *Wilson* factors to the plaintiffs' case).[1] Concluding that the first three factors weighed in favor of sanctions

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

as requested by defendant, I nevertheless declined to award the requested sanction of dismissal with prejudice because it would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiffs a final chance to comply with the deadlines set forth in PTO # 124. I afforded them thirty days from the entry of the Order to submit to defendant a completed PFS, with the caveat that failure to do so may result in dismissal of their case with prejudice upon motion by the defendant. Despite this warning, the plaintiffs have again failed to comply with this court's orders and did not provide defendant with a completed PFS within the thirty-day period. Consequently, defendant moved to dismiss with prejudice.

Because the less drastic sanction instituted against the plaintiffs has had no effect on their compliance with and response to this court's discovery orders, which they have continued to blatantly disregard, I find that dismissing the defendant with prejudice is now appropriate. For the reasons explained in my October 19, 2017 Order, it is **ORDERED** that the Defendant's Motion to Dismiss [ECF No. 23] is **GRANTED**, and Coloplast is **DISMISSED with prejudice.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 27, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE